■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL EADDY, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent.— Order unanimously affirmed. Memorandum: In November, 1963 relator was convicted on an indictment charging violation of subdivision 3 of section 1897 of the Penal Law as a felony because of a prior conviction. In December pursuant to the provisions of section 275-b of the Code of Criminal Procedure an information was filed charging the prior conviction which relator admitted and was sentenced to a term of 3½-5 years. In March, 1965 this habeas corpus proceeding was commenced to vacate the conviction upon the ground that the indictment merely charged a misdemeanor in that it failed to allege the prior conviction as a necessary element of the crime. Section 275-b Code of Criminal Procedure specifically provides that the indictment shall not allege that the defendant has previously been convicted of a crime, consequently there is no merit to relator's contention and the writ was properly dismissed. It is conceded that upon the hearing of the writ relator did not request the assignment of counsel; nor did the court apprise him of that right. Upon the argument of this appeal counsel without raising any question concerning the merits, contended that relator should have been apprised that assigned counsel was available upon request. It is now settled that the courts have the discretionary power to assign counsel to an indigent criminal defendant in a habeas corpus proceeding (*People ex rel. Williams* v. *La Vallee,* 19 N Y 2d 238). We conclude however that in this proceeding relator was not prejudiced by the failure to apprise him of his right to assigned counsel. (Appeal from order of Wyoming County Court, dismissing writ of habeas corpus, following a hearing.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ ROBERT MARTELL, Appellant, v. GOULD PUMP COMPANY, INC., Respondent.— Order unanimously modified to provide that the bill of particulars shall be served within 30 days after completion of plaintiff's examination of defendant, and as modified affirmed, without costs. Memorandum: In the exercise of a proper discretion, this relief should have been granted. (Appeal from order of Monroe Special Term denying motion to vacate or modify defendant's demand for bill of particulars.) Present — Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ.

■ In the Matter of JOHN A. LALLY, Petitioner, v. WILLIAM S. HULTS, Commissioner of Motor Vehicles, Respondent.— Determination unanimously confirmed, without costs (See *People* v. *Blake,* 5 N Y 2d 118; *Matter of Prudhomme* v. *Hults,* 27 A D 2d 234.) (Review of determination revoking driver's license, transferred by order of Onondaga Special Term.) Present — Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ.